UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

BILLIE FAYE EASLEY and )
FRED R. EASLEY, )
)
    Plaintiffs, )
)
vs. ) CV95-S-2693-NE
)
DR. JEFFREY C. HINDMAN, an individual; )
JEFFREY C. HINDMAN, M.D., P.A., )
a professional association, )
)
    Defendants. )
)

**ENTERED**
**JUN 1 7 1997**

## MEMORANDUM OPINION

This action is before the court on defendant's motion for partial summary judgment. Upon consideration of the pleadings, briefs, and motion, this court determines the motion is due to be denied.

### I. DISCUSSION

**A. Plaintiffs' Claims**

Plaintiff Billie Faye Easley alleges that Dr. Jeffrey C. Hindman, acting within the line and scope of his employment with "Jeffrey C. Hindman, M.D., P.A.," breached the minimum standard of care required of him, and hence was professionally negligent, in one or more of the following respects:

> A. He negligently failed to accurately diagnose plaintiff's right eye condition; he negligently diagnosed Plaintiff as suffering from "dry eye syndrome," when in fact she was suffering from retinal pathology involving the macula of her right eye.
>
> B. He negligently failed to render prompt, proper and adequate medical care and treatment to plaintiff's right eye.

>    C.  He negligently failed to timely refer
>    plaintiff to a sub-specialist for proper and
>    adequate medical care and treatment of her
>    right eye.
>
>    D.  Plaintiff further avers that, subsequent
>    to her presentation to Defendants on October
>    19, 1993, she repeatedly called the
>    defendants' office complaining of decreased
>    visual acuity in her right eye and
>    continuation of the above-referenced signs and
>    symptoms. Plaintiff contends that agents,
>    servants or employees of Defendants to whom
>    she talked via telephone negligently failed to
>    notify Dr. Hindman of these repeated and
>    continued complaints and/or negligently failed
>    to reschedule a prompt and timely appointment
>    for her to be re-evaluated.

(Plaintiffs' Complaint, ¶ 6.)  Plaintiff Fred R. Easley, Mrs. Easley's husband, seeks damages for the loss of his wife's consortium and companionship.

The allegations in paragraph 6(A)-(C) of the complaint involve acts or omissions that occurred at defendant's clinic in Fayetteville, Tennessee on October 19, 1993. The allegations in paragraph 6(D) relate to acts or omissions of defendant's employees at his main office in Huntsville, Alabama. Defendant asserts that the claims that arise out of acts or omissions that occurred in Fayetteville, Tennessee, are subject to the one-year statute of limitations in *Tennessee Code* § 29-26-116(a)(1).[1] Plaintiffs filed

---

[1] *Tennessee Code* § 29-26-116(a) provides:

(1)  The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104.

(2)  In the event the alleged injury is not discovered within the said one (1) year period, the period of limitation shall be one (1) year from the date of such discovery. (Footnote continues on following page.)

2

this action on October 19, 1995. Therefore, those claims are barred if that State's limitation period applies.

## B. Statute of Limitations

In diversity cases, a federal court applies the choice of law rules of the state in which it sits. *See Klaxon Co. v. Stentor Electric Manufacturing Co.*, 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In Alabama, the rule of *lex loci delicti* has governed tort actions for almost 100 years. *Fitts v. Minnesota Mining & Manufacturing Co.*, 581 So.2d 819, 820 (Ala. 1991). Under the principle of *lex loci delicti*, "an Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred." *Id.* Only the substantive law of the foreign state is applied, however; the procedural law is not. Thus, the issue before this court is whether the one-year limitation period provided in *Tennessee Code* § 29-26-116(a)(1) is substantive or procedural. "The court before which the question arises is the one that has to decide whether any rule of law, domestic or foreign, will be characterized as substantive or as procedural for choice-of-law purposes." *Etheredge v. Genie*

---

(3) In no event shall any such action be brought more than three (3) years after the date on which the negligent act or omission occurred except where there is fraudulent concealment on the part of the defendant in which case the action shall be commenced within one (1) year after discovery that the cause of action exists.

(4) The time limitation herein set forth shall not apply in cases where a foreign object has been negligently left in a patient's body in which case the action shall be commenced within (1) year after the alleged injury or wrongful act is discovered or should have been discovered.

3

*Industries, Inc.*, 632 So.2d 1234, 1326 (Ala. 1994)(citations and internal quotations omitted).

The Alabama Supreme Court has discussed the application of the *lex loci delicti* principle in the context of statutes of limitation:

> When under the *lex loci delicti* we are applying the law of another state, we will enforce only those laws of the other state that are substantive in nature. *See Sanders v. Liberty National Life Insurance Co.*, 443 So.2d 909, 912 (Ala. 1983); *see also Bodnar v. Piper Aircraft Corp.*, 392 So.2d 1161, 1162 (Ala. 1980). "Where the statute of limitations [is procedural, and] goes only to the remedy, it seems to be the settled rule here that the *lex fori*, and not the *lex loci*, governs." *Mullins v. Alabama Great Southern Ry.*, 239 Ala. 608, 610, 195 So. 866 (1940).
>
> . . . .
>
> "This Court has recognized ... that a distinction exists between a true statute of limitations and a statute which creates a new right of action with an express restriction on the time within which an action may be brought to enforce the right." *Cofer v. Ensor*, 43 So.2d 948, 987 (Ala. 1985). The former is known as a statute of limitations while the later has been referred to by this Court as a "statute of creation." *Id.*
>
> "In one [a statute of creation], the limitation [period] is so inextricably bound up in the statute creating the right that it is deemed <u>a portion of the substantive right itself</u>. In the other [a statute of limitation], the limitation is deemed to affect only the remedy and does not constitute part of the substantive right." ...
>
> "Alabama decisions state that a statute of limitations, unless the act specifically declares otherwise, is construed as affecting the remedy only." *State, Department of Revenue v. Lindsey*, 343 So.2d 535, 537 (Ala. Civ. App. 1977); *Cofer*, 473 So.2d at 987. Thus, we will apply another state's statute of limitations only when it is demonstrated that "the limitation is so inextricably bound up in the statute creating the right that it is deemed a portion of the substantive right itself." *See id.*

4

*Etheredge*, 632 So.2d at 1326-27 (emphasis and brackets in original).

A distinction also can be drawn between a *statute of limitations* and a *statute of repose*. A statute of limitations is "a procedural device that operates as a defense to limit the remedy available from an existing cause of action," but a statute of repose "creates a substantive right in those protected to be free from liability after a legislatively-determined period of time." *First United Methodist Church of Hyattsville, Maryland v. United States Gypsum Co.*, 882 F.2d 862, 865-66 (4th Cir. 1989)(citations omitted), *cert. denied*, 493 U.S. 1070, 110 S.Ct. 1113, 107 L.Ed.2d 1020 (1990). Thus, a statute of repose, much like the Alabama Supreme Court's "statute of creation," creates the substantive right itself and, therefore, is to be applied under the doctrine of *lex loci delicti*. A statute of limitations is merely a procedural device, however, and is not applied under that doctrine. A majority of courts have drawn such a distinction between a statute of repose and a statute of limitations. *See, e.g., Goad v. Celotex Corp.*, 831 F.2d 508, 511 (4th Cir. 1987), *cert. denied*, 487 U.S. 1218, 108 S.Ct. 2871, 101 L.Ed.2d 906; *City of Bluefield v. Autotrol Corp.*, 723 F.Supp. 362, 365 (S.D. W.Va. 1989); *Unified Sch. Dist. No. 500 v. United States Gypsum Co.*, 719 F.Supp. 1003, 1006 (D. Kan. 1989); *Crouch v. General Elec. Co.*, 699 F.Supp. 585, 591 n.5 (S.D. Miss. 1988); *Bolick v. American Barmag Corp.*, 293 S.E.2d 415, 418 (N.C. 1982), *cert. denied*, 487 U.S. 1218 (1988); *Cheswold Volunteer Fire Co. v. Lambertson Const. Co.*, 489 A.2d 413,

421 (Del. 1984); *Rosenberg v. Town of North Bergen*, 61 N.J. 190, 293 A.2d 662, 667 (1972).

*Tennessee Code* § 29-26-116(a) contains both a statute of limitations and a statute of repose. The Tennessee Supreme Court has noted that *Tennessee Code* § 29-26-116(a)(3), the statute of repose, is not a "conventional statute of limitations," but rather is a three-year "outer limit or ceiling superimposed" upon the existing statute of limitations requiring actions to be brought within one year after the injury or the date such injury was discovered. *Harrison v. Schrader*, 569 S.W.2d 822, 825 (Tenn. 1978). Thus, *Tennessee Code* § 29-26-116(a)(3) "is a substantive provision because it expressly qualifies the right which the statute creates by barring a right of action even before the injury has occurred if the injury occurs subsequent to the prescribed time period." *Bruce v. Hamilton*, 894 S.W.2d 274, 276 (Tenn. Ct. App. 1993), *overruled on other grounds by Cronin v. Howe*, 906 S.W.2d 910, 914 n.3 (Tenn. 1995).

But the statute of repose provision that has been "superimposed" on the Tennessee statute of limitations for malpractice actions is not at issue here. This action deals with the underlying limitation period on which the statute of repose was grafted. The underlying statute of limitations, as expressed in *Tennessee Code* § 29-26-116(a)(1), states: "The statute of limitations in malpractice actions shall be one (1) year as set forth in § 28-3-104." Unlike subsection (a)(3), subsection (a)(1) does not create a substantive right. Thus, *Tennessee Code* § 29-26-

6

116(a)(1) is nothing more than "a procedural device that operates as a defense to limit the remedy available from an existing cause of action." *First United Methodist Church*, 882 F.2d at 865-66. Therefore, the one-year statute of limitations in *Tennessee Code* § 29-26-116(a)(1) is inapplicable to this action, and defendant's partial motion for summary judgment is due to be denied.

## II. CONCLUSION

For the foregoing reasons, defendant's motion for partial summary judgment is due to be denied. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this __17th__ day of June, 1997.

_____
United States District Judge

7